Matthew LEVINSON, Appellant,

v.

STATE of Missouri, et
al., Respondents.

No. SC 84703.

Supreme Court of Missouri,
En Banc.

May 13, 2003.

John L. Davidson, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Theodore A. Bruce, Asst. Attys. Gen., Jefferson City, for respondents.

RICHARD B. TEITELMAN, Judge.

This declaratory judgment action presents two issues. The first issue is whether section 311.060.2(2), RSMo 2000,[1] is implicitly repealed by section 561.016.1(4). The second is whether 11 CSR 70–2.140(11), a Division of Liquor Control regulation interpreting section 311.060.2(2), is inconsistent with and invalidated by section 311.060.2(2) and section 561.016.1(4). Although section 311.060.2(2) is not implicitly repealed by section 561.016.1(4), 11 CSR 70–2.140(11) is inconsistent with the aforementioned statutes and is, therefore, invalid. The judgment is reversed and the case remanded.[2]

### Facts

Matthew Levinson began working as a bartender in 1997. In 2000, he pled guilty to federal felony charges of using a false social security number. He was sentenced to three years probation. As a condition of his probation, Levinson was required to maintain lawful employment, refrain from engaging in any other illegal activities, and follow the directions of his probation officer.

Levinson's probation officer advised him that continued employment as a bartender

---

1. All subsequent statutory citations are to RSMo 2000.

2. On appeal, Levinson also argues that section 311.060.2(2) violates the state and federal equal protection clauses. Because this case can be resolved by interpreting section 311.060.2(2) consistently with section 561.016.1(4) and invalidating the regulation, there is no real and immediate controversy regarding the constitutionality of section 311.060.2(2). Therefore, this Court need not address Levinson's constitutional arguments.

was unlawful as it violated section 311.060.2(2) and 11 CSR 70–2.140(11). Section 311.060.2(2) provides that a liquor license shall not be denied based solely on the fact that an employee has been convicted of a felony unless the employee engages in the direct retail sale of intoxicating liquors.[3] Although section 311.060.2(2) is directed at licensees, Levinson's employment was considered unlawful because the division interprets the statute as prohibiting a liquor licensee from employing anyone convicted of a felony in a position involving direct retail sale of intoxicating liquor. *11 CSR 70–2.140(11).*[4] The regulation provides that a bartender is engaged in direct retail sales. Levinson's continued employment was also considered unlawful because section 311.880 makes the violation of any provision of chapter 311 a crime. Levinson could have been criminally liable for aiding and abetting a violation of chapter 311 under section 562.041.1(2) or for conspiracy under section 564.016.1. Levinson was faced with the choice of resigning his position or violating his probation. He chose to resign.

Levinson filed a petition for declaratory judgment. After hearing the case on stipulated facts, the circuit court dismissed Levinson's petition, finding that section 311.060.2(2) was not implicitly repealed by section 561.016.1(4) and that 11 CSR 70–2.140(11) was valid. Levinson appeals.

### Standard of Review

The standard of review in a declaratory judgment case is the same as in any other court-tried case. *Guyer v. City of Kirkwood,* 38 S.W.3d 412, 413 (Mo. banc 2001). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

### Discussion

To maintain a declaratory judgment action, Levinson must demonstrate a justiciable controversy for which he has no adequate remedy at law. *Northgate Apartments, L.P. v. City of North Kansas City,* 45 S.W.3d 475, 479 (Mo.App.2001). A justiciable controversy exists where the plaintiff has a legally protectible interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination. *Missouri Health Care Association v. Attorney General of the State of Missouri,* 953 S.W.2d 617, 620 (Mo. banc 1997). A controversy is ripe if the parties' dispute is developed sufficiently to allow the court to make an accurate

---

**3.** Section 311.060.2(2) provides that:

° No license issued under this chapter or chapter 312, RSMo, shall be denied, suspended, revoked or otherwise affected based solely on the fact that an employee of the licensee has been convicted of a felony unrelated to the manufacture or sale of intoxicating liquor so long as any such employee does not directly participate in retail sales of intoxicating liquor. Each employer shall report the identity of any employee convicted of a felony to the division of liquor control. The division of liquor control shall promulgate rules to enforce the provisions of this subdivision.

**4.** In relevant part, 11 CSR 70–2.140(11) provides that:

No retail licensee shall employ on or about the licensed premises any felon or prostitute except that licensees may employ person convicted of a felony unrelated to the manufacture or sale of intoxicating liquor so long as any such felon does not directly participate in retail sales of intoxicating liquor or nonintoxicating beer, by accepting payment, taking orders, delivering, mixing or assisting in mixing or serving intoxicating liquor or nonintoxicating beer in the capacity of, but not limited to, bar manager, bartender, waiter, waitress, cashier and sales clerk.

determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character. *Id* at 621.

This case presents a justiciable controversy that is an appropriate subject for declaratory judgment. First, Levinson's employment is a protectible legal interest. *Mager v. City of St. Louis*, 699 S.W.2d 68, 70 (Mo.App.1985). Second, a substantial controversy exists between parties with genuinely adverse interests because Levinson cannot resume employment as a bartender or in numerous other service-oriented occupations if the division's current interpretation of section 311.060.2(2) stands. Third, the controversy is ripe because the facts are stipulated and conclusive relief can be granted. Finally, Levinson has no other adequate legal remedy. Levinson was forced to resign his employment or violate his probation. His only legal recourse is to seek a declaration of his rights under section 311.060.2(2) and section 561.016.1(4).

### I. *Repeal by Implication*

■ Levinson argues that section 311.060.2(2) was implicitly repealed by section 561.016.1(4). Repeal by implication can occur if a later-enacted statute is inconsistent and irreconcilable with an earlier-enacted statute. In that case, the later-enacted statute repeals the first statute to the extent of any conflict with the second. *Corvera Abatement v. Air Conservation*, 973 S.W.2d 851, 859 (Mo. banc 1998). Levinson's argument fails because section

561.016.1(4) was not enacted after section 311.060.2(2). Section 561.016.1(4) was enacted in 1977 and effective January 1, 1979. Section 311.060.2(2) was not enacted until 1987. *H.B. 520, 1987* Mo. Laws 737. Thus, the necessary premise of Levinson's repeal by implication argument, that section 561.016.1(4) was enacted after section 311.060.2(2), is undermined completely. Section 311.060.2(2) is not implicitly repealed by section 561.016.1(4).

### II. *11 CSR 70–2.140*

■ In 11 CSR 70–2.140(11), the division interprets section 311.060.2(2) as an absolute bar prohibiting a liquor licensee from employing a felon in a position involving the direct retail sale of liquor. The regulation is inconsistent with section 311.060.2(2) and section 561.016.1(4) and is invalid.

■ Section 561.016.1(4) provides that any legal disqualification because of a felony conviction must be reasonably related to the competency of the felon to exercise the right or privilege at issue.[5] However, 11 CSR 70–2.140(11) disqualifies felons from employment in any position involving the direct retail sale of liquor without a determination of whether there is a reasonable relationship between the conviction and the disqualification. The Division's interpretation of section 311.060.2(2) conflicts with the reasonable relationship requirement of section 561.016.1(4). If two statutes can be reasonably reconciled, it is this Court's duty to do so and give effect to both. *County of Jefferson v. Quiktrip*

---

**5.** In relevant part, section 561.016.1(4) provides that:

1. No person shall suffer any legal disqualification or disability because of a finding of guilt or conviction of a crime or the sentence on his conviction, unless the disqualification or disability involves the deprivation of a right or privilege, which is . . . .

(4) Provided by the judgment, order or regulation of a court, agency or official exercising a jurisdiction conferred by law, or by the statute defining such jurisdiction, when the commission of the crime or the conviction or the sentence is reasonably related to the competency of the individual to exercise the right or privilege of which he is deprived.

*Corp.*, 912 S.W.2d 487, 490 (Mo. banc 1995). The statutes are consistent with one another and both must be given effect.

Section 311.060.2(2) should be interpreted consistently with section 561.016.1(4) by requiring a finding of a reasonable relationship between the employee's felony conviction and any employment disqualification before any discipline on a liquor license can be imposed. Section 311.060.2(2) provides that if the employee is involved directly in retail sales, then the employee's felony conviction can be the sole reason for disciplining the liquor license. The fact that a felony conviction can be the sole reason for disciplining the license does not necessarily mean that any conviction automatically disqualifies a felon from employment in a position involving the direct retail sale of liquor. Assuming there is a finding of a reasonable relationship, then the conviction could serve as the sole basis for disciplining the license under section 311.060.2(2) and effectively precluding the employee from further employment. The reasonable relationship finding could be made on an individualized basis or through more extensive regulations classifying the types of felonies that are reasonably related to disqualifying an individual from engaging in the direct retail sale of liquor.

This interpretation is further supported by the presumption that the legislature is aware of the state of the law when it enacts a statute. *See, In the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. banc 1996). Because the plain language of the statutes is not inconsistent, it is reasonable to conclude that the legislature intended to incorporate the reasonable relationship requirement of section 561.016.1(4) into the

subsequently enacted section 311.060.2(2). Consequently, 11 CSR 70–2.140(11) is inconsistent with section 311.060.2(2) and is invalid.[6] Levinson's employment as a bartender was not unlawful and did not constitute a parole violation.

The judgment is reversed and the case remanded for the circuit court to determine whether the felony Levinson is convicted of is reasonably related to his competency to work in a position involving the direct retail sale of intoxicating liquors and to enter judgment accordingly.

All concur.

---

6. Given this conclusion, neither the convicted employee nor the licensee can be penalized under section 311.060.2(2) or 11 CSR 70–2.140(11) unless the employee continues the

employment at issue following a determination that the felony at issue is reasonably related to the employee's competency to engage in such employment.