Bonzella SMITH and Isaiah Hair, Respondents/Cross–Appellants,

and

Cheryl Nelson and Elke McIntosh, Respondents/Cross–Appellants,

v.

CITY OF ST. LOUIS, Board of Aldermen for the City of St. Louis, TIF Commission for the City of St. Louis, and Northside Regeneration, LLC, Appellants/Cross–Respondents.

No. SC 92646.

Supreme Court of Missouri, En Banc.

April 9, 2013.

Paul J. Puricelli and Robb E. Hellwig, Stone, Leyton & Gershman, St. Louis, for Northside Regeneration.

Gerard T. Carmody, James P. Carmody and Edwin C. Ernst IV, Carmody Mac-Donald PC, St. Louis, for City of St. Louis.

W. Bevis Schock, Schock Law, St. Louis, for Nelson and McIntosh.

D.B. Amon, Eric E. Vickers, Independent Practitioner, James W. Schottel Jr., Schottel & Associates PC, St. Louis, for Smith and Hair.

RICHARD B. TEITELMAN, Chief Justice.

This is an appeal from a declaratory judgment that voided ordinances authorizing a tax increment financing (TIF) plan to redevelop approximately 1500 acres in the City of St. Louis. The judgment declared that the ordinances are void because they did not include "defined redevelopment projects and cost-benefit analysis of such projects as required by [sections] 99.820.1(3), 99.820.1(5) and 99.845.1." The trial court also overruled a motion for attorney fees filed by the plaintiffs and intervenors. The judgment is reversed to the extent it declares the ordinances void because of the lack of a defined redevelopment project and cost-benefit analysis referable to such a project. In all other respects, the judgment is affirmed.

## I. Background

The City of St. Louis passed ordinances authorizing a redevelopment plan proposed by Northside Regeneration, LLC. The plan includes 1500 acres and is estimated to cost approximately $8.1 billion dollars over 20 years. The redevelopment plan identified a redevelopment area, which was then divided into four smaller areas gener-

ally referred to as redevelopment project areas A, B, C, and D. The redevelopment plan proposed land uses and development concepts for each redevelopment project area. The city board of aldermen passed two ordinances to implement the plan.

Ordinance 68484 provided for the city's adoption and approval of the redevelopment plan pursuant to the TIF act, the designation of the redevelopment area as described in the plan, the approval of the redevelopment area, and the creation of a special fund for the allocation and administration of payment of redevelopment costs. Ordinance 68484 also provided findings that the redevelopment area was blighted, that the redevelopment plan conformed to the city's comprehensive plan for the redevelopment of the city, that a cost-benefit analysis had been filed and that the redevelopment would not be financially feasible without tax increment financing assistance.

Ordinance 68485 designated the redevelopment, proposed the preparation of redevelopment areas A and B for "the development of new commercial, residential, institutional and industrial uses," and authorized the city to enter into an agreement with Northside. The city then entered into an agreement with Northside to execute the redevelopment plan.

Bonzella Smith and Isaiah Hair (plaintiffs) filed a petition requesting a preliminary injunction to prevent the city and Northside from "moving forward" with the redevelopment plan. Plaintiffs filed an amended petition requesting a temporary restraining order, a preliminary injunction and a permanent injunction against respondents. Plaintiffs filed a second amended petition adding a request for a declaratory judgment. No version of plaintiffs' petition alleged that the redevelopment plan was invalid for failing to include a specific redevelopment project. The trial court denied plaintiffs' request for a preliminary injunction and set the case for trial.

Cheryl Nelson and Elke McIntosh (intervenors) subsequently intervened and filed a petition for declaratory judgment alleging that the redevelopment plan is "in direct violation of and contrary to conditions set forth in [section] 99.820, et seq." Like plaintiffs' petition, intervenors' petition did not allege that the redevelopment plan was invalid for failing to include a specific redevelopment project. The case proceeded to trial.

Plaintiffs first raised the issue of the lack of a specific project in a motion in limine filed on the first day of trial. Intervenors did not join in this motion. The motion alleged that the ordinances did not include a "redevelopment project" as required by the TIF Act. Plaintiffs requested that the trial court exclude any evidence of a redevelopment project without laying a foundation for the existence of the "redevelopment project as being specific and identifiable." The trial court took the motion with the case.

In July 2010, the trial court entered a judgment declaring that ordinances are "void and of no force or effect as in conflict with [the TIF Act]" because the redevelopment plan lacked "the inclusion of defined redevelopment projects and a cost-benefit analysis of such projects as required by [sections] 99.820.1(3), 99.820.1(5), and 99.845.1." The court recognized that the issue of whether the ordinances included a specific project was an issue "detected by the court" and may not be "fairly embraced by the pleadings in this case." However, the court determined that plaintiffs raised the issue through the motion in limine and by introducing the ordinances

into evidence.[1] The court overruled the motions for attorney fees filed by plaintiffs and intervenors.

Northside and the city appeal. Plaintiffs and intervenors have filed cross appeals.

## I. Standard of Review

 "The standard of review in a declaratory judgment case is the same as in any other court-tried case." *Levinson v. State*, 104 S.W.3d 409, 411 (Mo. banc 2003). "The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* The issue of whether the ordinances comply with the TIF statutes is a question of law that is reviewed de novo. *JG St. Louis West Ltd. Liability Co. v. City of Des Peres*, 41 S.W.3d 513, 522 (Mo.App.2001).

## II. The "specific project" argument was not raised at trial

The trial court held that the general allegations in the pleadings, coupled with the motion in limine and the fact that the ordinances were introduced into evidence, adequately raised the issue of whether there was a sufficiently specific redevelopment project. Northside asserts that the trial court erred in ruling that the ordinances lacked a redevelopment project because plaintiffs and intervenors did not properly raise the issue. Northside is correct.

## A. The petitions do not raise the specific project issue

 "The purpose of a pleading is to limit and define the issues to be tried in a case and [to] put the adversary on notice thereof." *City of St. Joseph, Mo. v. St. Joseph Riverboat Partners*, 141 S.W.3d 513, 516 (Mo.App.2004). "To the extent that [a] judgment goes beyond the pleadings, it is void." *Residential & Resort Assocs., Inc. v. Wolfe*, 274 S.W.3d 566, 569 (Mo.App.2009); *see also McCord v. Gates*, 159 S.W.3d 369, 375 (Mo.App.2004).[2] As noted above, neither plaintiffs nor intervenors asserted in their petitions that the ordinances violated the TIF act by failing to include a specific redevelopment project. The petitions did not place Northside on notice that the specific project issue was a subject of this litigation and, therefore, did not preserve that issue for purposes of this case.

## B. Motion in limine

 Instead of raising the issue in their petition or other substantive pleading, plaintiffs first raised the issue of the lack of a specific project in a motion in limine filed on the first day of trial. Plaintiffs' motion in limine sought to prevent Northside and the city from introducing evidence of a redevelopment project, which is the normal purpose of a motion in limine. A motion in limine seeks " 'a preliminary expression of the court's opinion as to the admissibility of the evidence.' " *Brown v. Hamid*, 856 S.W.2d 51, 55 (Mo. banc 1993) (quoting *Ball v. American Greetings Corp.*, 752 S.W.2d 814, 824 (Mo.App.1988)).

---

1. The judgment provided that the city could cure this defect by enacting an ordinance to comply with the requirements of the TIF Act. The judgment also did not prohibit Northside from proceeding with the project at its own expense.

2. Although *Wolfe* uses the word "void," this Court's opinion in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), establishes the trial court's judgment was not void as a jurisdictional matter but is instead simply voidable because the judgment was based on issues that were not properly pleaded or otherwise interjected into the case.

In neither the form nor the substance of the motion did plaintiffs ask to amend their petition to raise the issue of the lack of a specific project, and the trial court erroneously considered the motion in determining that the plaintiffs had sufficiently raised the issue.

### C. The issue was not tried by implied consent

In the absence of a pleading raising the issue, the question becomes whether the issue was tried by implied consent. The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection by any other party, bearing solely on that issue. *City of St. Joseph,* 141 S.W.3d at 516; see also Rule 55.33(b).[3] The evidence offered must relate only to the proposed new issue, without bearing upon other issues in the case. *Id.; Shuler v. Premium Standard Farms, Inc.,* 148 S.W.3d 1, 6 (Mo.App.2004). It is the burden of the party contending that an issue was tried by implied consent to demonstrate implied consent. *Conduff v. Stone,* 968 S.W.2d 200, 205 (Mo.App.1998).

As noted above, the pleadings are devoid of any specific reference to the specific project issue "detected" by the trial court, and the motion in limine was not a pleading where the issue could be properly raised. The fact that the ordinances were introduced into evidence does not change the analysis. Given the complexity of the TIF act and the ordinances, there are innumerable issues that could be raised by comparing one to the other. The ordi-nances do not relate solely to the proposed new issue of whether there was a specific project and, therefore, do not establish that this specific issue was tried by implied consent. Even when considered in conjunction with one another, the pleadings, motion in limine and introduction of the ordinances failed to raise the specific issue "detected" by the trial court. The sum of three insufficient bases for raising the issue is still an insufficient basis for raising the issue.

In addition to the trial court's rationale, plaintiffs and intervenors also argue that the specific legal issue of whether the ordinances contained a specific project was raised during the direct examination of a city alderwoman and the city's director of planning. The transcript contradicts this assertion.

Plaintiffs' counsel asked the alderwoman to read section 99.805.14, which defines a "redevelopment project." She read the statute. Plaintiffs' counsel then asked the alderwoman to identify a redevelopment project in the ordinances. She testified that there was a project. Plaintiffs' counsel then stated his opinion that "if there's no development project identified, then there is no redevelopment project in the plan." The alderwoman responded as follows: "Well, I disagree with you." Counsel for Northside objected from the outset that plaintiffs' counsel was asking the alderwoman for a legal conclusion.

Intervenors' counsel asked the city's director of development if she knew what plans were included in the redevelopment agreements for redevelopment project ar-

---

**3.** Rule 55.03(b) provides as follows:

Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

eas A and B. The director testified that the city and Northside were proceeding with a general redevelopment agreement and that two of the redevelopment project areas would have their own individual redevelopment agreements that would be discussed and reviewed by the city and Northside at a later time. Counsel did not tie the director's testimony to any particular statutory provision or statutory requirement.

Neither line of questioning satisfied the requirements for trial by implied consent; plaintiff's counsel simply asked the alderwoman for her opinion and then stated his opinion that he disagreed with her. This brief exchange of unexplained, conclusory opinions, in the middle of hundreds of pages of transcript, did not introduce any evidence into the case or specifically apprise Northside that plaintiffs were proceeding to litigate a previously unpleaded legal issue. Similarly, intervenor's counsel did nothing more than ask the director if two of the redevelopment project areas would have their own individual redevelopment agreements. She said they would. This evidence could fairly relate to a number of procedural or substantive issues under the TIF act and was never tied to any particular statutory provision.

In sum, neither plaintiffs nor intervenors offered a substantive pleading or evidence that properly raised the issue of whether the ordinances violated any particular provision of the TIF act by not including a sufficiently specific redevelopment project. Neither party requested to amend the pleadings or otherwise attempted to specifically raise the issue. The issue of whether there was a sufficiently specific redevelopment project was not tried by implied consent of the parties.

Therefore, the judgment went beyond the scope of pleadings and is voidable to the extent that it provides that there are no defined redevelopment projects or a cost-benefit analysis of such projects.[4]

### III. Attorney Fees

■ Plaintiffs and intervenors assert that the trial court abused its discretion by declining to award attorneys' fees. Section 527.100 authorizes circuit courts to award "costs" in an amount the court deems equitable and just. "Costs" do not automatically include attorney fees. In declaratory actions, "costs" may include attorney's fees when there are special circumstances. *Goellner v. Goellner Printing*, 226 S.W.3d 176, 179 (Mo.App.2007). The "special circumstances" are narrowly construed. *Id.*

■ In this case, the trial court did not abuse its discretion in denying the requests for attorney fees. As in all litigation, the parties simply advocated inconsistent legal and factual positions. Advocating inconsistent positions is not a special circumstance; it is the very nature of litigation. The trial court did not abuse its discretion in denying the request for fees.

### IV. Plaintiffs' cross-appeal

■ Plaintiffs raise four points on cross-appeal asserting that the trial court erred by not finding the ordinance invalid on additional grounds. Northside asserts that the cross-appeal should be dismissed for failure to comply with Rule 84.04 and because plaintiffs won at trial and are not an "aggrieved party" entitled to an appeal.

---

4. Due to the resolution of this issue in favor of Northside, there is no need to address Northside's argument that the court should have permitted the presentation of evidence of redevelopment projects approved by the city.

■ "A party cannot appeal from a judgment wholly in his favor, one that gives him all he asks; but he can appeal from a judgment which gives him only a part of the relief he seeks." *Page v. Hamilton*, 329 S.W.2d 758, 762 (Mo. banc 1959), citing *Scott v. Parkview Realty & Improvement Co.*, 241 Mo. 112, 145 S.W. 48, 50[2] (Mo. banc 1912); *see also Noll v. Shelter Ins. Co.*, 774 S.W.2d 147, 149 (Mo. banc 1989). Although plaintiffs were successful at trial, the trial court rejected the arguments raised in their cross-appeal. Thus, plaintiffs received only a part of the relief sought and are aggrieved by the judgment to the extent it declines to declare the ordinances void in other respects. *See Brooks v. State*, 128 S.W.3d 844 (Mo.2004)(plaintiffs obtained a judgment declaring that the concealed carry act violates article I, section 23, but were permitted to cross-appeal that part of the judgment rejecting plaintiffs' Hancock Amendment claim).

A. Financial commitments

■ Plaintiffs' first argument is that the ordinances violate section 99.810 by failing to include adequate evidence of financing for the redevelopment plan. Section 99.810 provides that a redevelopment plan "shall include ... evidence of the commitments to finance the project costs...." The trial court held that "the statute does not demand any level of detail" regarding financing commitments and that the evidence of financial commitments in this case was sufficient. Plaintiffs assert that the financial commitments provided by the Bank of Washington are insufficient because the project costs will be several billion dollars whereas the bank has less than one billion dollars in assets.

There are no cases interpreting the level of financial commitment required by section 99.810. The plain language of the statute imposes no specific requirement for a particular quantum or quality of evidence. However, cases interpreting similar statutes or ordinances indicate that an appellate court should void a redevelopment ordinance for lack of financing only if the record is devoid of any reasonable basis for concluding that adequate financing is in place. For instance, in *Maryland Plaza Redev. Corp. v. Greenberg*, 594 S.W.2d 284 (Mo.App.1979), a St. Louis city ordinance provided that a development plan "shall contain ... (15) a detailed statement of the proposed method of financing the redevelopment." The court held that the redevelopment ordinance was void because the developer declined to identify its lending sources and instead simply assured the city that "debt financing will be on a structure-to-structure basis." *Id.* at 289.

■ Conversely, in *Parking Systems, Inc. v. City of Kansas Downtown Redevelopment Corp.*, 518 S.W.2d 11, 16 (Mo. banc 1974), this Court interpreted a Kansas City ordinance that required a determination that "sufficient funds or securities are immediately available and will be used for normal financing of the entire development." This Court held that the ordinance did not require the redeveloper to prove it had "the required amount of money in the bank or a sufficient amount of securities in hand" to fund the entire development. *Id.* at 19. When considered together, *Parking Systems* and *Maryland Plaza* demonstrate that when a statute or ordinance requires "evidence" of financial commitments by a redeveloper without further specificity, the legislative body's conclusion that adequate information has been furnished is entitled to substantial weight and will be overturned on appeal only if the evidence is so lacking that the validity of the legislative action is not fairly debatable. *See also State ex rel. Devanssay v. McGuire*, 622

S.W.2d 323 (Mo.App.1981)(the legislative body's conclusion that adequate information has been furnished is entitled to substantial weight).

In this case, there was detailed evidence of financing commitments for the redevelopment project. Northside received a financing commitment from the Bank of Washington to finance the first two redevelopment project areas in addition to an existing loan of nearly $30 million. Every witness at trial indicated that it is not commercially reasonable to expect a lending institution to issue a firm commitment to lend $8 billion toward a 23–year project. The trial court did not err in holding that the ordinances complied with section 99.810.

B. Compliance with the comprehensive plan

■ Plaintiffs assert that the trial court erred in finding that the ordinances comply with the city comprehensive plan as required by section 99.810.1(2). Section 99.810.1(2) provides that the ordinances authorizing the redevelopment plan shall contain a finding by the board that "[t]he redevelopment plan conforms to the comprehensive plan for the development of the municipality as a whole."

■ "Under Section 99.810.1(2), the plain meaning of 'conforms' would be that the redevelopment plan present findings that are in agreement or harmony with the comprehensive plan as a whole." *Great Rivers*, 384 S.W.3d at 291 (Mo.App.2012). A comprehensive land use plan is a recommendation for the physical development and uses of land and "may include" items such as the general location of infrastructure and the "general character, extent and layout of the replanning of blighted and slum areas." Section 89.340. A comprehensive plan guides the development and use of land within the city and does not control land use. *Great Rivers Habitat Alliance v. City of St. Peters*, 384 S.W.3d 279, 291 (Mo.App.2012). The comprehensive plan is not a zoning document and cannot be used as such. *Id.* Instead, the comprehensive plan is intended to be updated and changed as conditions and policies warrant. *Turner v. City of Independence*, 186 S.W.3d 786, 791 (Mo.App. 2006). Thus, a sufficient finding of conformity requires that the ordinances are generally consistent with the general land use goals outlined in the comprehensive plan.

In this case, the city adopted a strategic land use plan in 2005 to replace the city's 1947 land use plan. In enacting the ordinances, the city found that the redevelopment plan conforms to the city's strategic land use plan. The redevelopment plan established in the ordinances describes a land use plan that is not necessarily inconsistent with the general guidelines in the city's strategic land use plan. Plaintiffs assert that section 99.810.1(2) requires a more detailed finding, but the plain language of the statute requires nothing more than a finding that the redevelopment plan conforms to the comprehensive plan. Plaintiffs have presented no valid basis for this Court to second-guess the legislative finding that the redevelopment plan conforms with the city's comprehensive land use plan.

C. Rule 84.04

■ Plaintiff's third and fourth points are dismissed for failure to comply with Rule 84.04. Rule 84.04(d) requires that a point relied on shall: (1) identify the challenged ruling; (2) concisely state the legal reasons for the claim of error; and (3) explain in summary fashion why the reasons support the claim of error. Plaintiffs point relied on does not identify any par-

ticular ruling, legal reason or reason to reverse the trial court's judgment.

Plaintiffs assert in the third point in the cross-appeal that the trial court "erred in not finding the TIF commission was under any other obligation to deny the redevelopment project for lacking conformity to section 99.800 *et seq.*" This point does not identify a challenged ruling and, instead, literally asks this Court to review the entire TIF act to determine if there is some "other obligation" with which the TIF commission may have failed to comply. Although plaintiff's argument section following the point relied on raises a number of issues, it also fails to identify a particular trial court ruling that is being challenged. This point is dismissed because it does not present a cognizable claim for appellate review.

■ Plaintiff's fourth argument on cross-appeal is also dismissed. This point states that "the trial court erred in not finding the board of aldermen created an ordinance subject to TIF commission approval thus giving the TIF commission legislative authority inconsistent with the TIF Act." Neither the point relied on nor the argument challenges any particular ruling by the trial court. An appellate court's role is to review specifically challenged trial court rulings, not to sift through the record to detect possibly valid arguments. This point requires this Court to sift through the record and, in effect, assume the role of advocate. For that reason, the point is deficient and is dismissed.

## V. Conclusion

The judgment is reversed to the extent that it invalidates the ordinances for failure to include a sufficiently specific redevelopment project. In all other respects, the judgment is affirmed.

RUSSELL, BRECKENRIDGE, FISCHER, STITH, and DRAPER, JJ., concur.

WILSON, J., not participating.