

# In the
# Missouri Court of Appeals
## Western District

STRACK EXCAVATING, L.L.C.,

        **Appellant,**

v.

**MISSOURI DEPARTMENT OF
NATURAL RESOURCES, LAND
RECLAMATION COMMISSION,**

        **Respondent,**

WD78015

OPINION FILED:

APRIL 28, 2015

**SAXONY LUTHERAN HIGH SCHOOL,**

        **Respondent.**

**Appeal from the Circuit Court of Cole County, Missouri
The Honorable Patricia Joyce, Judge**

**Before Division Three: Mark D. Pfeiffer, PJ., Gary D. Witt, Anthony Rex Gabbert, JJ**

Strack Excavating, L.L.C. ("Strack") appeals the circuit court's judgment dismissing its declaratory judgment action. Strack raises one point on appeal. Strack argues that the trial court erred in dismissing its declaratory judgment action. Strack contends that its challenge to § 444.771, RSMo Cum. Supp. 2011, presents a justiciable controversy which is ripe and which is not subject to the administrative exhaustion doctrine. We affirm.

**Factual Background**

Strack obtained a permit from the Land Reclamation Commission (now the Missouri Mining Commission) after § 444.771, RSMo Cum. Supp. 2011, became effective. The statute provides that the Commission "shall not issue any permit under this chapter…to any person whose mine plan boundary is within one thousand feet of any real property where an accredited school has been located for at least five years prior to such an application[.]" As a result, Strack's permit was granted under the condition that the mine plan boundary was at least 1,000 feet from the Saxony Lutheran High School.[1]

A short time after the issuance of the permit, Strack's counsel contacted the attorney general regarding the interpretation of the statutory phrase "the provisions of this section shall not apply to any request for an expansion to an existing mine[.]" § 444.771, RSMo Cum. Supp. 2011. Strack was of the opinion that, because it was operating an "existing mine" as a result of the permit issued to it in 2013, the quoted phrase exempted any expansion of Strack's mine from the 1,000-foot restriction of § 444.771, RSMo Cum. Supp. 2011. Noting that Strack did not have an application on file to expand its mine, the attorney general understood the language to provide a grandfather provision for quarries that were permitted before the statute was enacted in July 2011.

Strack filed a petition for declaratory judgment on March 7, 2014, asking the trial court to interpret the statute and determine the validity and applicability of the statute to Strack. The trial court dismissed the declaratory action for lack of jurisdiction, noting that Strack had not exhausted available administrative remedies as it had not filed an application for an expansion

---

[1] The issuance of this permit was upheld in *Saxony Lutheran High School, Inc. v. Mo. Dep't of Natural Res.*, 404 S.W.3d 902 (Mo. App. 2013).

2

permit with the Commission. Thus, the court concluded that "the issues presented in the petition are not ripe, and any decision by this Court would be merely advisory." Strack appeals.

## Declaratory Judgment

In its only point on appeal, Strack argues that the trial court erred in dismissing its declaratory judgment action. Strack contends that its challenge to § 444.771, RSMo Cum. Supp. 2011, presents a justiciable controversy which is ripe and which is not subject to the administrative exhaustion doctrine. We find no error.

"The standard of review for a trial court's grant of a motion to dismiss is de novo." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "When this Court reviews the dismissal of a petition for failure to state a claim, the facts contained in the petition are treated as true and they are construed liberally in favor of the plaintiffs." *Id.* "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Id.* Strack's petition "states a cause of action if its averments invoke principles of substantive law [that] may entitle [it] to relief." *Id.* (internal quotations omitted).

To maintain a declaratory judgment action, Strack must demonstrate a justiciable controversy for which it has no adequate remedy at law. *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo. App. 2001). "A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination." *Levinson v. State*, 104 S.W.3d 409, 411 (Mo. banc 2003). "A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific

3

relief of a conclusive character." *Mo. Health Care Ass'n v. Attorney General of Mo.*, 953 S.W.2d 617, 621 (Mo. banc 1997).

Here, Strack argues that a justiciable controversy exists between it and the Commission because each differs on the construction and interpretation of provisions of § 444.771, RSMo Cum. Supp. 2011. In support of its argument, Strack cites to two letters. One letter is from Strack to the attorney general asking its interpretation of the statutory phrase "except that the provisions of this Section shall not apply to any request for an expansion to an existing mine or to any underground mining operations." § 444.771, RSMo Cum. Supp. 2011. The other letter is the attorney general's response. The attorney general's letter states in pertinent part:

> The Land Reclamation Program has not received from Strack, or any other quarry operator similarly situated, an application to expand the acreage of a mine plan so that the new plan boundary will be less than 1,000 feet from an accredited school. Therefore, no decision interpreting the statute is pending. That said, I have conferred with the Program, which understands the language you cite as providing a "grandfather" provision for quarries that were not applicable to quarries permitted after and subject to the statutory restriction.

Although it is undisputed that Strack desires to expand its mine to within 1,000 feet of the property on which the Saxony Lutheran High School is located, as the letter points out Strack has not filed an application to expand its mine. Instead, Strack relies on this letter from the attorney general to create a justiciable controversy. However, this letter is nothing more than an advisory opinion of one attorney in the attorney general's office without the facts surrounding Strack's mine or details of its potential expansion in a permit application.[2] As a result, Strack is attempting to use a declaratory judgment action to adjudicate hypothetical or speculative situations which may never come to pass. However, such tactic is an improper use of declaratory

---

[2] We also note that this letter would not bind the Director or the Commission who would make the final decision when, and if, an actual application is submitted.

4

judgments. *See Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 352 (Mo. banc 1995) (stating that a "declaratory judgment is not available to adjudicate hypothetical or speculative situations which may never come to pass.").

Furthermore, there is an adequate remedy at law for Strack to seek. Sections 444.772 and 444.773, RSMo Cum. Supp. 2011, were amended to authorize the Land Reclamation Program Director, on behalf of the Department of Natural Resources, to make a decision to issue or deny a permit application, subject to appeal to the Mining Commission. An appeal must be filed with the Administrative Hearing Commission, which, pursuant to Section 621.250, RSMo 2000, holds a hearing, creates a record, and makes a recommended decision for the Mining Commission to consider. "Exhaustion of administrative remedies is often said to be a jurisdictional prerequisite to a declaratory judgment action." *Farm Bureau Town & Country Ins. Co.*, 909 S.W.2d at 352. In this case, Strack has administrative remedies that have not been exhausted as it has not yet applied for a permit to expand its mine.

It may be that a declaratory judgment action would be appropriate if Strack were claiming that a planned expansion of its mine was *wholly exempt* from any permitting requirements. But that is not Strack's claim. Even if Strack is not subject to the 1,000 foot restriction contained in § 444.771, RSMo Cum. Supp. 2011, it concedes that any expansion of its mine is subject to permitting under the Land Reclamation Act.

Despite this failure to apply for a permit, Strack argues that it is entitled to seek a declaratory judgment action before proceeding in defiance of the statute. While a party is entitled to seek a declaratory judgment action before proceeding in defiance of a statute, *Borden Co. v. Thomason*, 353 S.W.2d 735, 741 (Mo. 1962), Strack has failed to show that applying for a permit would be in defiance of § 444.771, RSMo Cum. Supp. 2011, or any other statute. *See*

5

*e.g., Levinson*, 104 S.W.3d 409 (Appellant had to choose between being a bartender and potentially violating his probation or resign. Appellant resigned and then filed a declaratory judgment seeking the interpretation of the liquor statute in question.). Here, the simple act of applying for a permit to expand its mine would not result in defiance of § 444.771, RSMo Cum. Supp. 2011, even if its expansion plan included expanding Strack's mine to less than 1,000 feet from an accredited school. In the event Strack's expansion plan is not in accordance with § 444.771, RSMo Cum. Supp. 2011, Strack would not be acting in defiance of the statute. Instead, its application would simply be denied.

As Strack's declaratory judgment petition was not ripe because it failed to establish a justiciable controversy and failed to exhaust its administrative remedies, the trial court did not error in dismissing Strack's petition for lack of jurisdiction. Point one is denied.

We conclude, therefore, that the trial court did not error in dismissing Strack's petition for lack of jurisdiction because Strack failed to establish a justiciable controversy and failed to exhaust its administrative remedies. We affirm the circuit court's judgment.


_____
Anthony Rex Gabbert, Judge


All concur.

6