

# Missouri Court of Appeals
## Southern District
### Division Two

IN THE MATTER OF )
GERALD E. WHISENAND, )
RACHELLE D. FRANZESKOS, )
 )
Appellant, )
 )
RUSSELL D. WHISENAND,[1] )
 ) No. SD37110
Respondent, )
 ) FILED: March 28, 2022
vs. )
 )
REGGIE FATINO and )
TRACY WHISENAND, )
 )
Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF HICKORY COUNTY

Honorable James A. Hackett, Judge

**<u>AFFIRMED</u>**

Rachelle Franzeskos ("Appellant") appeals the circuit court's judgment on her petition, which she filed along with Russell Whisenand (collectively "Petitioners"). The petition contained a single fraud count claiming that Reggie Fatino and Tracy Whisenand (collectively "Respondents") were involved in the forgery of the grantor's signature on a beneficiary deed,

---

[1] In her notice of appeal Appellant lists Russell Whisenand as an additional party but fails to indicate his position in this appeal. Because he has not appealed the judgment, he is considered a respondent.

1

thereby rendering the deed void under section 461.054.[2]  The circuit court's judgment concluded that Petitioners failed to prove the grantor's signature on the beneficiary deed was forged. Appellant raises three points on appeal, all of which are premised on whether the grantor's acknowledgment of the beneficiary deed or the certificate of acknowledgment on the deed conformed with certain statutory requirements.  Because the challenges to the validity of the beneficiary deed raised in Appellant's points were not alleged in the petition or otherwise presented to or decided by the trial court, they are not preserved for appellate review.  We, therefore, affirm the trial court's judgment.

### Factual and Procedural Background

The petition contains a single count denominated, "Disqualification of beneficiary designation due to fraud[.]"  Petitioners' allegations in support of this count generally claim that the parties are siblings, either by blood or marriage, and are the children of Gerald Whisenand (alternatively referred to as "Grantor" or "Decedent"); that the beneficiary deed, dated July 19, 2019, and recorded July 22, 2019, purports to convey to Respondents, upon Grantor's death, certain real property that was owned by Grantor; that Grantor was infirm and died on July 23, 2019, at the age of 77; that, based upon information and belief, Grantor's signature on the beneficiary deed was forged; and, consequently, the beneficiary deed is void under section 461.054.

As relevant here, the petition contained no allegations related to Grantor's acknowledgment of the beneficiary deed and contained only a single allegation related to the certificate of acknowledgement on the beneficiary deed.  That allegation states, "[m]oreover, the notary acknowledgment on the beneficiary deed recorded at Book 2019R- Page 1090BD does

---

[2] All statutory references are to RSMo (2016).

not contain a date upon which Decedent allegedly personally appeared in front of the notary public."

A bench trial on the petition followed. The evidence consisted of testimony and exhibits from Sonia Kennedy (the notary public who filled out and made the certificate of acknowledgment on the beneficiary deed), Petitioners, and Fatino.

The only relevant evidence in this appeal concerns Kennedy's certificate of acknowledgment on the beneficiary deed. The evidence adduced regarding that issue gave rise to and supports the following findings of fact made by the trial court in its judgment:

12. On July 22nd, 2019, Tracy Whisenand contacted Ms. Fatino and told her that Gerald Whisenand was ready to sign the deed.

13. During that conversation, Tracy Whisenand asked Ms. Fatino to find a notary for the deed.

14. Later that same morning, Ms. Fatino contacted Sonya Kennedy, a notary public, and Ms. Kennedy agreed to notarize Gerald Whisenand's signature.

15. Later that same day, during a separate conversation, Ms. Kennedy spoke with Gerald Whisenand.

16. Ms. Kennedy was familiar with Gerald Whisenand, having known him for twenty-eight years, and she knew him to have a distinct voice. Ms. Kennedy is certain she spoke with Gerald Whisenand on the phone that day.

17. Gerald Whisenand told Ms. Kennedy he needed to notarize some papers relating to his farm.

18. Gerald Whisenand further told her he appreciated that she was willing to notarize the document without his presence because he was in poor health and could not travel.

19. Gerald Whisenand assured Ms. Kennedy he would sign the document before he sent it to her.

20. Ms. Kennedy testified, being familiar with Gerald Whisenand, that he sounded normal, coherent and did not sound confused.

21. Ms. Kennedy further testified, in her deposition, that Gerald Whisenand said nothing out of the ordinary and was able to communicate verbally. Ms.

3

Kennedy did not have trouble understanding Gerald Whisenand and Mr. Whisenand did not appear to have any trouble understanding her.

22. On July 22, 2019, within an hour of their conversation, Tracy Whisenand, Gerald's son, brought the signed beneficiary deed and a copy of Gerald's driver's license.

23. Ms. Kennedy compared a signature on Gerald's driver's license with the signature on the deed, found them to be sufficiently similar, and notarized the deed.

Following these and other findings of fact that are not relevant here, the circuit court identified and made conclusions of law addressing only two legal issues—(1) whether there was fraud due to the forgery of Decedent's signature on the beneficiary deed and (2) whether Decedent lacked contractual capacity to sign the beneficiary deed. The court observed that while only the first issue was raised in the petition, the latter issue was raised in post-trial briefs. The court entered judgment in favor of Respondents, concluding that "Petitioners failed to prove the signature was forged" and "Gerald Whisenand had contractual capacity." Appellant filed no post-judgment motions.

Appellant timely appeals, raising three points. For ease of analysis, we review Appellant's points together.

## Discussion

In her third point, Appellant contends that "[t]he trial court erred in finding and concluding that the beneficiary deed in question as recorded was valid and binding under the circumstances of this case . . . ." The legal reason asserted in support of this claim of reversible error, however, has nothing to do with the beneficiary deed being fraudulent, as was alleged in the petition. Appellant, rather, focuses on claimed statutory deficiencies in the acknowledgment of and certificate of acknowledgment on the beneficiary deed as invalidating the deed by specifically arguing that

4

the trial court's findings regarding the sufficiency of the acknowledgment and recording of the beneficiary deed prior to the Grantor's death erroneously applied the law, in that the testimony of the notary of the deed herself established clearly and convincingly that *the statutory acknowledgment requirements of Chapters 442 and 486 RSMo. were not substantially complied with*; and in that the defective acknowledgement on the beneficiary deed made the recording of the deed a nullity as a matter of law; and in that a beneficiary deed not properly recorded prior to the death of the Grantor is a nullity as a matter of law pursuant to § 461.025 RSMo.

(Emphasis added.)

Appellant then proceeds to explain that her third point builds upon and presumes that either her first or second point has merit. Turning to those points, the trial court ruling or action challenged in both is "[t]he trial court erred in finding and concluding that the acknowledgement accompanying the beneficiary deed in question was not defective . . . ." Although the provided legal reasons vary by point, both points allege the same statutory defects in Kennedy's certificate of acknowledgment—(1) "the notary's failure to require the physical presence of the deed's Grantor contemporaneously with the acknowledgement"; (2) "the notary's failure to administer any oath to the Grantor contemporaneously with the acknowledgement"; and (3) "the notary's failure to determine whether the beneficiary deed was in fact the free act and deed of the Grantor."

Accordingly, whether either Grantor's acknowledgment of the beneficiary deed or the certificate of acknowledgment on the deed was statutorily deficient, as argued in Appellant's first and second points, is a penultimate and foundational issue necessary for the circuit court to have committed reversible error, as argued in her third point, in failing to invalidate the beneficiary deed on that basis. The circuit court, however, did not reach or address Appellant's interconnected legal theory set out and culminating in her third point. As Appellant correctly concedes, "the theory raised in [her third point] *was not expressly contained in the Petition filed by the Petitioners*." (Emphasis added.)

5

"Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal." ***Loutzenhiser v. Best***, 565 S.W.3d 723, 730 (Mo.App. 2018) (internal quotation marks omitted). "An issue that was never presented to or decided by the trial court is not preserved for appellate review." ***Holmes v. Union Pacific Railroad Co.***, 617 S.W.3d 853, 858 (Mo. banc 2021) (internal quotation marks omitted). "A party seeking the correction of error must stand or fall on the record made in the trial court; thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal." ***Id.*** at 858-59 (internal quotation marks omitted). "It has long been stated that this Court will not, on review, convict a lower court of error on an issue which was not put before it to decide." ***Id.*** at 859 (internal quotation marks omitted).

Appellant, nonetheless, maintains that the issue of the invalidity of the beneficiary deed due to either a defective acknowledgment or defective certificate of acknowledgment is preserved for appellate review. According to Appellant:

> However, the Petition in the instant case does purport to attack the beneficiary deed in question partly on grounds that the acknowledgment of the deed was defective. More specifically, the Petitioners allege in paragraph 18 of their Petition that: "Moreover, the notary acknowledgment on the beneficiary deed recorded at Book 2019R-Page 1090BD does not contain a date upon which Decedent allegedly personally appeared in front of the notary public." Further, the evidence (particularly the testimony of the notary, Sonia Kennedy) regarding the sufficiency of the notary certificate of acknowledgment on the beneficiary deed in this case was freely and extensively entered into by Appellants and Respondents at trial, and without objection. Therefore, the effect that the allegedly defective certificate of acknowledgment had on the validity of the beneficiary deed in question was squarely put at issue in the trial, and the Petition should be considered as amended to conform with the evidence at trial to include the attack on the beneficiary deed's validity on grounds that the acknowledgment (and thus the deed itself) was defective. Ribando v. Sullivan, 588 S.W.2d 120, 123–24 (Mo. App. W.D. 1979); Reidle v. Scott, 296 S.W. 262, 263 (Mo. App. 1927).

(Record citation omitted.)

6

Simply stated, Appellant's argument is that the invalidity of the beneficiary deed due to statutory deficiencies in the deed's acknowledgment and certificate of acknowledgment, though not explicitly challenged in the petition, was ultimately tried by the parties by implied consent. "The doctrine of trial by implied consent provides that issues not raised by the pleadings may be determined by the trial court when evidence is offered, without objection by any other party, bearing solely on that issue." *Smith v. City of St. Louis*, 395 S.W.3d 20, 25 (Mo. banc 2013). However, "[t]he evidence offered must relate *only* to the proposed new issue, without bearing upon other issues in the case." *Id.* (emphasis added). "In other words, if evidence that raises issues beyond the scope of the pleadings is relevant to another issue already before the trial court, then the implied consent rule is *not* applicable." *Parkway Construction Services, Inc. v. Blackline LLC*, 573 S.W.3d 652, 664 (Mo.App. 2019) (emphasis added).

Here, the record reveals that Petitioners attempted to use alleged deficiencies in the deed's acknowledgment and Kennedy's certificate of acknowledgment as a basis for calling into question the authenticity of Decedent's signature on the beneficiary deed. Petitioners' post-trial brief, in particular, explicitly contains this argument—"the beneficiary deed itself and the testimony of witness Sonia Kennedy *support the assertion that decedent Gerald E. Whisenand did not sign the beneficiary deed*" (emphasis added)—and immediately goes on to list each alleged deficiency regarding the acknowledgment and the certificate of acknowledgment. Appellant is bound by this argument on appeal. *See Loutzenhiser*, 565 S.W.3d at 730. As such, Appellant cannot claim, as is necessary for the doctrine of trial by implied consent to apply in the manner advocated by Appellant, that such alleged deficiencies do *not* bear on the authenticity of Decedent's signature but, instead, bear *solely* on the issue of whether Decedent's acknowledgment of the deed or Kennedy's certificate of acknowledgment ran afoul of statutory

7

requirements and thereby on that basis alone invalidate the deed.  *See Smith*, 395 S.W.3d at 25; ***Parkway Construction Services, Inc.***, 573 S.W.3d at 664.

In sum, because the issue of whether the beneficiary deed was invalid due to a defective acknowledgment or due to any deficiency in Kennedy's certificate of acknowledgment on the deed—the ultimate issue of each of Appellant's three points—was not presented to or decided by the trial court, Appellant's points are not preserved for appellate review.  *See **Holmes***, 617 S.W.3d at 858-59.  Accordingly, Appellant's points are denied.

## Decision

The circuit court's judgment is affirmed.

GARY W. LYNCH, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, P.J. – CONCURS