

# Missouri Court of Appeals
## Southern District

### In Division

RICK LISEK AND JENNIFER LISEK,   )
   )
     Plaintiffs-Appellants,   )
   )
v.   )   No. SD37897
   )
GREG TABER AND COLLEEN S.   )   **Filed:  September 12, 2023**
TABER,   )
   )
     Defendants-Respondents.   )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown

**<u>APPEAL DISMISSED</u>**

This case involved a money-damages claim brought by real-property owners, Rick Lisek and Jennifer Lisek ("Plaintiffs"), against Greg Taber and Colleen S. Taber ("Defendants"), who were alleged to have significantly damaged Plaintiffs' property ("the Property") after Defendants abandoned their attempt to purchase the Property via a contract for deed.  This appeal timely followed the judgment entered in favor of Defendants on the grounds that Plaintiffs' claim was barred by the doctrines of *res judicata* and improper claim splitting.  The judgment was entered after the circuit court granted Defendants' motion for summary judgment.

Because Plaintiffs' brief fails to follow the mandatory process set forth in Rule 84.04, and those failures materially impede impartial review of the matter, we are unable to address any merit that the appeal might have had if properly preserved and presented.[1] As a result, we grant Defendants' well-founded motion to dismiss the appeal.

## Applicable Principles of Review

Rule 84.04(a)-(e) provides the requirements for the contents of an appellate brief. Rule 84.04(c) requires the appellant's brief to include a "a fair and concise statement of the facts relevant to the questions presented for determination without argument." The facts relevant to a judgment produced by the Rule 74.04 process of summary judgment are solely those set forth in the Statement of Uncontroverted Material Facts and responses thereto ("the SUMF"). *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020); *see also Chopin v. Am. Auto. Ass'n of Mo.*, 969 S.W.2d 248, 251 (Mo. App. S.D. 1998) (appeal dismissed under Rule 84.04 for failing to include the material facts set forth in the SUMF within the brief's statement of facts).

Here, Plaintiffs' Statement of Facts sets forth neither the facts from the SUMF that would attack the elemental facts that Defendants assert in support of their affirmative defenses based upon *res judicata* and improper claim splitting, nor does it include any responses thereto. Because Plaintiffs' Statement of Facts does not identify the relevant SUMF established by Defendants' motion for summary judgment and Plaintiffs' responses thereto, Plaintiffs' Statement of Facts violates Rule 84.04(c), which constitutes grounds for dismissing the appeal.

---

[1] All rule references are to Missouri Court Rules (2023).

While we prefer to resolve appeals on the merits whenever possible, the case at bar presents deficiencies similar to those we faced in *Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr., Inc.*, 430 S.W.3d 274, 284-85 (Mo. App. S.D. 2014), which, along with several other cases recited in Defendants' motion to dismiss, supports the same result here.

In every appeal, the appellant has the burden to demonstrate reversible error, *see Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978), and "we have no duty to search the transcript or record to discover the facts which [might] substantiate a point on appeal." *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo. App. W.D. 2000).  To do so would cause us to impermissibly abandon our role as a neutral reviewer and act instead as an advocate for the appellant, to the prejudice of the responding party. *Thummel*, 570 S.W.2d at 686; *Smith v. City of St. Louis*, 395 S.W.3d 20, 29 (Mo. banc 2013) ("[a]n appellate court's role is . . . not to sift through the record . . . . [and] assume the role of advocate").

Because Plaintiffs have failed to present an argument for reversible error based upon the SUMF, nothing is preserved for our review, and Defendants' motion to dismiss is granted.  The appeal is dismissed.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS