Connie REESE, Plaintiff–Appellant,

v.

RYAN'S FAMILY STEAKHOUSES, INC., Defendant–Respondent.

No. 23188.

Missouri Court of Appeals, Southern District, Division Two.

June 26, 2000.

Charles J. Fain, Crouch & Fain, Forsyth, for appellant.

Brian E. Hamburg, Springfield, for respondent.

PREWITT, Judge.

Plaintiff appeals from summary judgment entered pursuant to Defendant's motion.

In Plaintiff's petition, she alleged that on or about January 29, 1994, she was a patron in the restaurant owned and operated by Defendant; that she was served from the buffet a serving of blueberries which contained a foreign and dangerous substance that burned and injured her mouth, tongue, nerves and taste buds. She also alleged the injuries are permanent and that she has sought medical treatment; that she no longer has a sense of taste, and that the injuries were a direct result of the negligence of Defendant.

Defendant's motion for summary judgment asserted, among other contentions, that Plaintiff could not show, as alleged, negligence on the part of Defendant, that the blueberries were unfit for human consumption or that any substance in the blueberries caused Plaintiff's alleged injuries.

Plaintiff filed an answer to Defendant's motion for summary judgment that made no specific reference to the motion. The body of the answer stated in its entirety:

COMES NOW the Plaintiff Connie Reese, by her attorney of record, Charles J. Fain and files her affidavit in answer to and opposed to the Defendant's Motion for Summary Judgment.

Wherefore, having answered same by said affidavit which is attached hereto and incorporated by reference herein, Plaintiff requests said motion be overruled.

The attached affidavit by Plaintiff essentially restated the facts alleged in her petition.

On appeal, Plaintiff has one point relied on. In it she contends the trial court erred in entering summary judgment because in her petition and affidavit she stated a cause of action in negligence, and there were questions of fact which should have been decided by the jury:

(1) What was the foreign object in the berries; was it dangerous to the health and well-being of this plaintiff?

(2) The type of injury, if any, sustained by the [plaintiff].

(3) Doctors' letters were not a final denial of physical injury incurred by [plaintiff].

■ In the "argument" portion of her brief, Plaintiff refers only to the letters from doctors. Therefore, we discuss only the contentions as to the letters. This court does not review contentions in points relied on which are not supported by argument in the argument portion under the point to which they refer. *Unlimited*

*Equipment Lines, Inc. v. Graphic Arts Centre, Inc.,* 889 S.W.2d 926, 932 n. 1 (Mo.App.1994). Issues raised in points relied on which are not supported in the argument portion of Appellant's brief are deemed abandoned and present nothing for appellate review. *Faith Baptist Church of Berkeley, Inc. v. Heffner,* 956 S.W.2d 425, 426 (Mo.App.1997).

When considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo.banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the motion. *Id.*

■ When a motion for summary judgment is made and supported as provided by the rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise allowed, must set forth the specific facts showing that there is a genuine issue for trial. Rule 74.04. *Cavin v. Kasser,* 820 S.W.2d 647, 649 (Mo.App. 1991). Plaintiff did not do this, and thus her appeal must fail.

Rule 74.04(c)(2) requires in part that a party responding to a motion for summary judgment file a response which:

[s]hall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific reference to where each such fact appears in the pleading, discovery or affidavits.

■ The requirements of Rule 74.04(c)(2) are mandatory. *Chopin v. American Auto. Ass'n. of Missouri,* 969

S.W.2d 248, 250 (Mo.App.1998). Response to a motion for summary judgment not properly drafted does not satisfy the requirement of Rule 74.04(c)(2), and factual allegations in motion for summary judgment which are not denied in such response are treated as admitted. *See Mothershead v. Greenbriar Country Club, Inc.,* 994 S.W.2d 80, 85 (Mo.App.1999).

The non-moving party may not rest upon the mere allegations and denials of the pleadings but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Zipper v. Health Midwest,* 978 S.W.2d 398, 408 (Mo.App.1998). "Failure to respond to a motion for summary judgment with specific facts showing genuine material issues results in admission of the facts alleged." *General American Life Ins. Co. v. Barrett,* 847 S.W.2d 125, 129 (Mo.App.1993).

By failing in her response to specifically deny the allegations regarding Plaintiff's failure to demonstrate negligence or causation as alleged, Defendant's allegations in the motion for summary judgment are treated as admitted and result in Plaintiff's claim being barred and make the entry of summary judgment proper.

According to the record before us, the contentions regarding the letters from the physicians were not properly raised in the trial court. On appeal, a party is bound by the position she took in the trial court, and we can only review the case upon those theories. *McGlothin v. Eidelman & Traub, Inc.,* 733 S.W.2d 851, 853 (Mo.App.1987). Because Plaintiff did not raise this argument in the trial court, we will not consider it on appeal. Moreover, the record does not establish that these letters were a part of the motion for summary judgment.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, C.J., concur.