**Arthel BARNER, Appellant,**

v.

**THE MISSOURI GAMING CO., d/b/a Argosy Riverside Casino, Respondent.**

**No. WD 58508.**

Missouri Court of Appeals, Western District.

May 1, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

1. Judge Stith participated in the case at the time of submission as a member of the court and was specially assigned to remain on this case by order of the Supreme Court after her appointment to the Supreme Court.

48 ■

Richard C. Wallace, Shawnee, for appellant.

Robert W. Tormohlen, Kansas City, for respondent.

Before ULRICH, P.J., LOWENSTEIN, J. and HOLLIGER, J.

## ROBERT G. ULRICH, P.J.

Arthel Barner appeals the summary judgment entered in favor of the Missouri Gaming Company d/b/a Argosy Riverside Casino (Argosy) in his personal injury action. The judgment of the trial court is affirmed.

Mr. Barner filed his petition for damages on April 1, 1999. In his petition, Mr. Barner alleged that he was a customer at Argosy, a casino located on board the Argosy IV riverboat, on June 16, 1995. He further alleged that while standing in an aisle waiting for a seat at a poker table, a waitress bumped into him spilling hot coffee on his right arm between his elbow and shoulder. As a result of the coffee spill, he flinched and jumped away tearing his right rotator cuff. Mr. Barner sought damages for his medical bill, past wage losses, and pain and suffering. The trial court granted Argosy's motion for summary judgment finding that maritime law governed the case and that the three-year statute of limitations set forth in 46 U.S.C. § 763 barred the action. This appeal followed.

On appeal, Mr. Barner claims that the trial court erred in granting Argosy's motion for summary judgment based on the running of the maritime statute of limitations. He contends that the trial court erred in applying maritime law because (1) the Argosy IV was not a vessel in navigation, (2) the alleged tort did not occur during the course of traditional maritime activity, (3) the incident did not have the potential of affecting maritime commerce, (4) state law preempts federal maritime law under the facts of this case, and (5) state interests prevail over federal interests in this case. Mr. Barner also contends that the trial court erred in granting summary judgment because material facts were genuinely disputed.[1] Finally, Mr. Barner claims that even if maritime law applied in this case, the trial court should have extended the three-year statute of limitations period based on the federal equitable tolling doctrine.

Appellate review of the grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.

---

1. Mr. Barner conceded in oral argument of this case that he abandons his argument that material facts were genuinely disputed.

banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

A party seeking to invoke admiralty jurisdiction over a tort claim must satisfy conditions of both location and a connection with maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge &* *Dock Co.,* 513 U.S. 527, 534, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995); *In re Complaint of Luhr Bros., Inc.,* 100 F.Supp.2d 1156, 1159 (E.D.Mo.2000); *Acceptance Ins. Co. v. SDC, Inc.,* 952 F.Supp. 644, 645 (E.D.Mo.1997). The location prong addresses where the tort occurred. *Id.* In applying this test, a court must determine whether the tort occurred on navigable water or whether the injury suffered on land was caused by a vessel on navigable water. *Id.* The connection test raises two issues. First, a court must determine whether the incident has a potentially disruptive impact on maritime commerce. *Id.* The potential impact of an incident is determined by examining its general character. *Sisson v. Ruby,* 497 U.S. 358, 363, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). The general features of the incident involved, not the actual effects of the incident on maritime commerce or the particular facts of the incident, must be assessed to determine whether such incident is likely to disrupt commercial activity. *Id.* Second, a court applying the connection test must determine whether the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. *Grubart,* 513 U.S. at 534, 115 S.Ct. 1043; *Luhr Bros.,* 100 F.Supp.2d at 1159; *Acceptance Ins.,* 952 F.Supp. at 645. The relevant activity is defined not by the particular circumstances of the incident, but by the general conduct from which the incident arose. *Sisson,* 497 U.S. at 364, 110 S.Ct. 2892; *Duluth Superior Excursions, Inc. v. Makela,* 623 F.2d 1251, 1253 (8th Cir.1980).

The cause of action in this case involved a maritime tort, and general maritime law applied. First, the location condition was satisfied. The undisputed evidence revealed that on June 16, 1995, the day of the alleged tort, Mr. Barner was a passenger aboard the Argosy IV, a fully

functional riverboat manned by a captain and marine crew and certified by the Coast Guard to cruise and navigate the Missouri River, a navigable waterway. Although the riverboat cruised the Missouri River daily with passengers in two-hour gaming excursions, it was moored dockside due to high water on that day. The alleged tort occurred on navigable water. *Compare Greer v. Continental Gaming Co.*, 5 S.W.3d 559, 563 (Mo.App. W.D. 1999)(a riverboat casino that was temporarily moored to the dock during winter months, that was scheduled to recommence cruising when weather permitted, that maintained a crew who periodically fired up the engines and generators, and that was required to maintain daily logs was a vessel "in navigation" for purposes of determining seaman status under the Jones Act).

▄▄▄ The connection with maritime activity condition was also satisfied in this case. First, considering the general features of the incident involved—a passenger injured on a riverboat on a navigable waterway due to the negligence of an employee on the riverboat—the incident had a potentially disruptive impact on maritime commerce. *See Acceptance Ins.*, 952 F.Supp. at 646 (a passenger injured on a boat travelling on a navigable waterway due to an allegedly defective seat had a potentially disruptive impact on maritime commerce); *Young v. Players Lake Charles, L.L.C.*, 47 F.Supp.2d 832, 835 (S.D.Tex.1999)(a potentially negligent condition affecting passengers aboard a vessel in navigable water had a potentially disruptive impact on maritime commerce). Second, the activity giving rise to the incident showed a substantial relationship to traditional maritime activity. The relevant activity in this case as defined by the general conduct from which the incident arose was the transportation of passengers on a riverboat over the Missouri River. Transporting passengers on a vessel over navigable waters is undoubtedly a traditional maritime activity. *See Duluth Superior Excursions*, 623 F.2d at 1253 (chartered cruise boat carrying passengers on navigable waterway); *Acceptance Ins.*, 952 F.Supp. at 646 (pleasure craft carrying passengers on navigable waterway); *Young*, 47 F.Supp.2d at 835 (riverboat casino carrying passengers on navigable waters).

▄▄▄ Mr. Barner raises the additional arguments that state law preempts federal maritime law and state interests prevail over federal interests under the facts of this case. He also claims that even if maritime law did apply in this case, the trial court should have extended the three-year statute of limitations period based on the federal equitable tolling doctrine. Mr. Barner did not, however, raise these arguments before the trial court. Appellate review of a grant of summary judgment is limited to those issues put before the trial court. *Country Mut. Ins. Co. v. Matney*, 25 S.W.3d 651, 654 (Mo.App. W.D.2000). An issue not presented to the trial court is not preserved for appellate review. *Id.* Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal. *Id.*; *Reese v. Ryan's Family Steakhouses, Inc.*, 19 S.W.3d 749, 752 (Mo.App. S.D.2000). An appellate court will not review or convict a trial court of error on an issue that was not put before the trial court to decide. *Id.* Because Mr. Barner did not raise these arguments in the trial court, they are not considered in this appeal. *Id.*

The incident forming the basis of this tort action satisfied all of the requirements of admiralty jurisdiction, and general maritime law applied. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). The

statute of limitations for a personal injury suit arising out of a maritime tort is three years from the date the cause of action accrued. 46 U.S.C. § 763a (West Supp. 2000). Mr. Barner filed his suit more than three years after the cause of action arose. Because Argosy was entitled to judgment as a matter of law and no genuine issues of material fact existed, the trial court did not err in granting summary judgment in favor of Argosy. The judgment of the trial court is affirmed.

LOWENSTEIN, and HOLLIGER, JJ. concur.