

# Missouri Court of Appeals

## Southern District

### Division Two

ERIC VIMONT, )
)
     Appellant, )
)
  vs. ) No. SD34414
)
CHRISTIAN COUNTY HEALTH DEPARTMENT, ) FILED: Oct0ber 11, 2016
)
     Respondent. )

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Laura J. Johnson, Judge

**AFFIRMED**

Questing to sell and distribute raw milk from any Christian County location of his choosing, Eric Vimont cited Missouri's constitutional right to farm (MO. CONST. art I, § 35) in seeking judicial relief from Respondent's order to abate such activity. He lost on summary judgment and appeals. We affirm.[1]

---

[1] We find scant case law or commentary on the 2014 "Right to Farm Amendment" and purposely limit our pronouncements because we lack the benefit of lawyer-briefing from both sides. Indeed, we could have granted Respondent's motion to strike Vimont's *pro se* brief for Rule 84.04 violations, but instead will address the first point as we understand it. Point II, charging trial court bias, fails summarily for lack of support in the argument section of Vimont's brief (***Reese v. Ryan's Family Steakhouses, Inc.***, 19 S.W.3d 749, 751 (Mo.App. 2000)) and our review of the record reveals no basis therefor in any event.

**Background**

RSMo § 192.300 empowers county commissions and boards of county health centers to promulgate orders and ordinances to enhance public health and combat disease, provided such enactments do not conflict with state rules or regulations. Citing this statutory authority, the Christian County Commission ("County Commission") enacted an amended Food Order ordinance ("CCFO") regulating raw milk sale and distribution effective January 30, 2012, § 2.05(D) of which stated that:

> Producers of retail raw dairy products may sell and take orders for their product at the physical farm location where the products are produced and may deliver the product to the clients [sic] domicile.

The CCFO also authorized Respondent to issue orders to abate conditions that might transmit or promote disease, and provided an appeal process.

In June 2012, Respondent ordered Vimont to abate his off-premise sale and distribution of raw milk in violation of CCFO § 2.05. Vimont did not pursue the CCFO appeal procedure.

In 2014, Missouri voters adopted a "Right to Farm" constitutional amendment (now Mo. Const. art I, § 35), which states:

> That agriculture which provides food, energy, health benefits, and security is the foundation and stabilizing force of Missouri's economy. To protect this vital sector of Missouri's economy, the right of farmers and ranchers to engage in farming and ranching practices shall be forever guaranteed in this state, *subject to duly authorized powers, if any, conferred by article VI of the Constitution of Missouri.* [our emphasis]

Vimont cited this in suing Respondent, in 2015, for relief from the order to abate and CCFO § 2.05. The trial court eventually granted Respondent summary judgment on multiple grounds, including that the constitutional right to farm is not unlimited, but

2

subject to duly authorized article VI powers, and the CCFO provision at issue was within the duly authorized powers of the County Commission under article VI and RSMo § 192.300.

## Vimont's Complaint and Analysis

Vimont claims the trial court erred "by upholding Respondent's Order to Abate, allowing it to overrule [Vimont's] Right to Farm, guaranteed by Article I, Section 35 of the Missouri Constitution ...."[2] On this record, we cannot agree.

As repeatedly noted above, Vimont's constitutional farming rights, whatever they may be, are subject to local-government powers duly authorized and conferred by article VI of Missouri's constitution. MO. CONST. art I, § 35. As relevant here, article VI directs that county commissions[3] "shall manage all county business prescribed by law" (§ 7) and for county powers to be defined by "general laws" (§ 8).

Thus, under article VI, the County Commission was authorized to manage all legal county business, exercising such powers as the legislature saw fit to delegate or those fairly implied by powers expressly granted. *See **Greene County v. Pennel***, 992 S.W.2d 258, 262 (Mo.App. 1999) (citing, among others, article VI). The legislature saw fit to delegate to county commissions, via RSMo § 192.300, power to promulgate public-health rules and ordinances. Exercising that power and citing it specifically, the County Commission adopted the CCFO.

---

[2] He also cites "the Due Process Clause of the Fourteenth Amendment, U.S. Constitution," but abandons that claim by failing to develop it whatsoever. *Reese*, 19 S.W.3d at 751.

[3] Formerly called county courts, *see* RSMo § 49.010; ***Am. Aberdeen Angus v. Stanton***, 762 S.W.2d 501, 502 (Mo.App. 1988).

Because the CCFO was within the County Commission's duly authorized article VI powers, Vimont's theory of right-to-farm supremacy fails, mooting our need to address the trial court's other bases for decision.[4] We deny all motions taken with the case and affirm the judgment.

DANIEL E. SCOTT, J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS

---

[4] Nearly all of Vimont's argument questioned the County Commission's wisdom regarding the CCFO's raw milk provisions. These legislative criticisms are outside the scope of Vimont's point, but almost certainly would fail anyway. *See, e.g.*, **Borron v. Farrenkopf**, 5 S.W.3d 618, 622 (Mo.App. 1999)(county ordinance was "rationally related" to health problems "and therefore expressly authorized under § 192.300").