Karen King Mitchell, Presiding Judge
Timothy Wolf appeals the denial of his Rule 24.035 motion for post-conviction relief. Wolf argues that the motion court erred in denying his motion, which alleged ineffective assistance of plea counsel, without an evidentiary hearing. But, after filing this appeal, Wolf absconded and remains at large as of the date of this opinion. Accordingly, this appeal is dismissed pursuant to the escape rule.
Background
On June 29, 2011, Wolf was charged with felony non-support of his minor child. On August 30, 2011, Wolf filed a Petition to Enter Plea of Guilty, in which he admitted that he knowingly failed to provide, without good cause, food, clothing, lodging, or medical attention for his child and that his total arrears exceeded the amount of twelve monthly payments. Included in the petition was Wolf's assertion, "My lawyer has counseled and advised me on the nature of each charge, on all lesser included charges, if any, and on all possible defenses that I might have in this case." The same day, Wolf pled guilty in open court, and after satisfying itself that Wolf's plea was knowing and voluntary and that there was a factual basis for the plea, the court accepted Wolf's guilty plea. Under the terms of the plea agreement entered between Wolf and the State, the court suspended imposition of the sentence and placed Wolf on probation for four years.
On June 2, 2015, the State filed a motion to revoke Wolf's probation. Wolf appeared in court on September 10, 2015, admitted violating his probation, and waived his right to a hearing, after which the court revoked his probation. The court thereafter sentenced him to four years' imprisonment.
Wolf filed a pro se Rule 24.035 motion on November 20, 2015, and appointed *792 counsel thereafter filed an amended motion, alleging that plea counsel was ineffective for "fail[ing] to fully investigate and explain to Mr. Wolf the possible defenses to the charge he had." The motion court denied Wolf's motion without an evidentiary hearing, finding that his claim was refuted by the record. Wolf filed his notice of appeal on June 7, 2017.
On February 18, 2018, a warrant from the Board of Probation and Parole issued for Wolf's arrest after he apparently escaped from supervision.[1] As of the date of this opinion, he has not yet been located.
Analysis
At the outset, the State urges us to dismiss this appeal pursuant to the escape rule, based upon Wolf's decision to abscond.
"The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a criminal defendant who escapes justice." State v. Miller , 536 S.W.3d 374, 378 (Mo. App. W.D. 2018) (quoting State v. Carter , 523 S.W.3d 590, 597 (Mo. App. W.D. 2017) ). "The escape rule authorizes the appellate court to dismiss an appellant's appeal if the appellant absconds following a conviction." Id. "The decision to apply the escape rule rests within the sound discretion of the appellate court." Id. (quoting Carter , 523 S.W.3d at 597 ). "The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035." Williams v. State , 526 S.W.3d 367, 369 (Mo. App. E.D. 2017) (quoting Nichols v. State , 131 S.W.3d 863, 865 (Mo. App. E.D. 2004) ). "In determining whether to apply the escape rule to dismiss the appellant's appeal, our central inquiry is whether the appellant's escape adversely affected the criminal justice system." Miller , 536 S.W.3d at 378. "If so, application of the escape rule and dismissal of appellant's appeal is appropriate." Id.
"It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." Ortega-Rodriguez v. United States , 507 U.S. 234, 239, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993). As the United States Supreme Court noted in Molinaro v. New Jersey , 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970),
No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.
In fact, Supreme Court decisions "consistently and unequivocally approve dismissal as an appropriate sanction when a prisoner is a fugitive during the ongoing appellate process." Ortega-Rodriguez , 507 U.S. at 242, 113 S.Ct. 1199 (internal quotations omitted).
"The escape rule enforces an understanding that 'those who seek the protection of this legal system must ... be willing to abide by its rules and decisions'; absconding defendants will not be rewarded for their actions." Williams , 526 S.W.3d at 370 (quoting State v. Wright , 763 S.W.2d 167, 168-69 (Mo. App. W.D. 1988) ). The circumstances of this case justify application of the escape rule and the dismissal of Wolf's appeal. Wolf has a history of noncompliance with court orders: the record indicates that he admitted to *793 violating the conditions of his probation on four separate occasions by failing to pay court-ordered child support, and he apparently absconded from probation on at least two occasions before his probation was ultimately revoked. By not responding to the State's argument that application of the escape rule is justified (presumably because he remains at large), Wolf has failed to identify for this Court any factors that might mitigate his decision to abscond. Further, our preliminary review of Wolf's merits arguments indicates that those arguments are baseless. Accordingly, because Wolf has absconded while this appeal was pending and has yet to be recaptured, his appeal is dismissed.
Conclusion
Because Wolf absconded and has yet to be recaptured, we dismiss this appeal pursuant to the escape rule.
Alok Ahuja and Edward R. Ardini, Jr., Judges, concur.

Neither the record nor the parties indicate how and from where Wolf escaped.