EDWARD R. ARDINI, JR., JUDGE
Brent A. Loutzenhiser filed a three-count petition in the Circuit Court of Callaway County against Kathleen Best alleging money had and received, unjust enrichment, and seeking a constructive trust relating to money transferred by Best from a joint bank account to an account in her name only. Best counterclaimed, seeking attorneys' fees. Following a bench trial, the trial court found in favor of Best on Loutzenhiser's claims and for Loutzenhiser on Best's counterclaim.[1] On appeal, Loutzenhiser argues that the trial court erroneously applied the law and that the judgment was against the weight of the evidence. We affirm.
Factual and Procedural Background[2]
In August 2008, Loutzenhiser and Best met through an online dating website. Loutzenhiser lived in Callaway County and owned a successful business. Best lived in St. Louis where she was employed and owned a home. The two would visit each other on weekends.
Best became pregnant shortly after they began dating. In the fall of 2009, she left her job, sold her home, and moved to mid-Missouri. Loutzenhiser paid Best's moving expenses and rent for an apartment in Columbia where she lived for a few months. Loutzenhiser and Best agreed that Best would keep the proceeds from the sale of her home as well as her other savings. Best gave birth to the couple's child in December 2009 and, in January 2010, the three moved into a residence in Auxvasse that Loutzenhiser had built for them.
On January 27, 2010, Loutzenhiser added Best to his checking account at Callaway Bank that he had opened in 2007. This was a joint account with rights of survivorship. According to Best, she was added to the checking account so that she could "use the funds in there to make sure all the bills were paid, and then whatever was left was what I could do with as I chose." Best indicated that this understanding was the product of giving their child Loutzenhiser's name, quitting her job in St. Louis and moving to Auxvasse, and agreeing to stay at home to raise their child.
Best paid bills and other expenses out of the joint checking account. Best also printed the bank statement each month and provided it to Loutzenhiser for his review.
In November 2012, Best opened a separate checking account in her name at Callaway Bank. From April 2013 through December 2015, Best transferred $13,625.00 from the joint account to her individual account.[3] Then, from January 14, 2015 *727 through January 25, 2015, Best made seven additional transfers totaling $33,400.00.
On January 26, 2015, while Loutzenhiser was at a trade show in Tennessee, Best packed her belongings and moved with the couple's daughter back to St. Louis. On January 27, 2015, Best transferred $2,000.00 from the joint account to her individual account, and on January 30, 2015, transferred the remaining $3,871.67 left in the joint account.[4]
Loutzenhiser filed suit against Best asserting counts for money had and received and unjust enrichment, and seeking a constructive trust. Best counterclaimed for attorneys' fees. Following a bench trial, judgment was entered in favor of Best on each claim alleged in Loutzenhiser's petition and in favor of Loutzenhiser on Best's counterclaim. Loutzenhiser appeals.
Standard of Review
In cases tried without a jury, we will affirm the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). When no findings of fact are made by the trial court, we consider all fact issues "as having been found in accordance with the result reached." Rule 73.01.[5] Therefore, "[w]e accept as true 'all evidence favorable to the prevailing party and all reasonable inferences drawn from it,' " and we disregard all contrary evidence and inferences. Braden v. von Stuck , 950 S.W.2d 489, 492 (Mo. App. W.D. 1997) (quoting Cmty. Bank of Chillicothe, Mo. v. Campbell , 870 S.W.2d 838, 841 (Mo. App. W.D. 1993) ).
Discussion
Loutzenhiser raises three points on appeal. In his first point, Loutzenhiser asserts the trial court erroneously applied the law because the intent of the parties cannot be used as evidence to prove ownership of funds in a statutory joint account. In his second point, Loutzenhiser claims the trial court's judgment was against the weight of the evidence because the evidence adduced at trial did not establish that Best had a 100-percent ownership interest in the money held in the joint account. Finally, in his third point, Loutzenhiser alternatively argues the trial court's judgment was against the weight of the evidence because, even if there existed an agreement between Loutzenhiser and Best regarding the money in the joint account, Best breached that agreement when she moved back to St. Louis.
A. The trial court did not misapply the law
In his first point, Loutzenhiser asserts that the trial court misapplied the law, arguing that an agreement between owners of a joint account is irrelevant to the issue of ownership of the funds held in the account. Loutzenhiser relies on section 362.470, RSMo,[6] and a series of cases to *728 support this argument, none of which we find to be relevant to the resolution of this case.
For example, Loutzenhiser relies heavily on In re LaGarce's Estate , in which the Missouri Supreme Court announced that the presumption of survivorship provided by the joint-account statute, now section 362.470, RSMo,[7] is not rebuttable absent fraud, undue influence, mental incapacity, or mistake. 487 S.W.2d 493, 500 (Mo. banc 1972). This case is not on point. Loutzenhiser also relies on Blue Valley Federal Savings and Loan v. Burrus , 637 S.W.2d 737 (Mo. App. W.D. 1982), which simply confirmed the statutory right of survivorship in a joint bank account is not affected by any agreement or understanding among the owners prior to an account owner's death. Both LaGarce and Burrus stand only for the straightforward proposition that the statutory right of survivorship is not overcome, following the death of one of the account owners, by a previously entered into agreement among the joint owners. Significantly, the instant case does not concern rights of survivorship in a joint bank account.
Instead, we are asked to resolve a different question - the rights of two owners to the use of funds in a joint bank account during the lifetime of the owners. On this point, the rule is that "during the lives of the parties the joint interest 'readily yields' to the real intention of the parties." Carroll v. Hahn , 498 S.W.2d 602, 607 (Mo. App. E.D. 1973) (citing Ambruster v. Ambruster , 326 Mo. 51, 31 S.W.2d 28, 36 (1930) ). Missouri law does not, as Loutzenhiser argues, render agreements between owners of a joint account ineffective or irrelevant during the owners' lifetimes. Rather, a court is to be guided by and give effect to the parties' intent just as the trial court did in deciding this case. Point I denied.
B. The trial court's judgment was not against the weight of the evidence
In his second point, Loutzenhiser argues that the trial court's judgment was against the weight of the evidence because the evidence, viewed in its entirety, showed that he maintained at least partial ownership of the money in the account, making it unjust for Best to retain the money she withdrew. He also argues that the evidence supports, and we should find, that Best's actions constituted conversion.
"[A] claim that the judgment is against the weight of the evidence presupposes that there is sufficient evidence to support the judgment." In re J.A.R. v. D.G.R. , 426 S.W.3d 624, 630 (Mo. banc 2014). We will reverse a trial court's judgment on the ground that it is against the weight of the evidence only in rare cases *729 when we have a firm belief that the judgment is wrong. Pearson v. Koster , 367 S.W.3d 36, 51 (Mo. banc 2012) ; JAS Apartments, Inc. v. Naji , 354 S.W.3d 175, 182 (Mo. banc 2011).
When considering whether a judgment is against the weight of the evidence, we defer to the trial court's findings of fact on contested facts and credibility determinations. Ivie v. Smith , 439 S.W.3d 189, 206 (Mo. banc 2014). This deference applies to both facts expressly found in a written judgment or, like here, deemed found in accordance with the trial court's judgment. Id. We can consider evidence contrary to the judgment when that evidence is not based on credibility determinations. Id. A judgment is against the weight of the evidence only if the trial court "could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." Id. If the evidence could support two reasonable but different conclusions, we must defer to the trial court's determination of that evidence. Id. (citing In re J.A.R. , 426 S.W.3d at 632 n.14 (additional citations omitted) ).
Loutzenhiser argues that the evidence at trial shows that the trial court's judgment was against the weight of the evidence.[8] We disagree. Loutzenhiser and Best were both owners of the joint account and were both authorized to withdraw funds from the account. See § 362.470, RSMo (stating that funds in a statutory joint account may be paid to any of the account owners during their lifetime). Loutzenhiser and Best had an agreement that Best would pay all of the household bills out of the joint account and any remaining funds could be used at her discretion. Best paid all of the household bills out of the joint account during Best and Loutzenhiser's relationship. During the early part of the relationship, Best opted to keep the remaining money in the joint account. In April 2013, however, Best began transferring some of the excess funds from the joint account into an individual account created in only her name. These transfers were not concealed from Loutzenhiser because Best printed the bank statements on a monthly basis for him to review. Loutzenhiser never inquired about the transfers or took any action to stop them.[9] Best was authorized as an owner of the joint account to withdraw any or all of the funds in the joint account and she did so consistent with her agreement with Loutzenhiser. Loutzenhiser's subsequent misgivings about this agreement after the failure of the relationship does not serve as a basis to retroactively invalidate it.
Turning now to Loutzenhiser's conversion argument, Loutzenhiser acknowledges that he did not raise a conversion claim before the trial court, but argues that he can do so now because the *730 elements of conversion[10] were pleaded in facts common to all counts. Arguments not raised before the trial court, however, are not preserved for review on appeal. "Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal." Barner v. Mo. Gaming Comm'n , 48 S.W.3d 46, 50 (Mo. App. W.D. 2001) (citations omitted). We will not "convict a trial court of error on an issue that was not put before the trial court to decide." Id. (citation omitted). Therefore, we will not entertain a conversion claim brought for the first time on appeal.[11] Point II denied.
C. Breach of contract argument was not raised before the trial court
Finally, in his third point, Loutzenhiser claims that the trial court's judgment was against the weight of the evidence because Best breached any existing agreement entered between them when she moved back to St. Louis in January 2015 with the couple's child. However, Loutzenhiser's theory at trial was that there could be no agreement of this nature as a matter of law and that, even if permitted, none existed between him and Best. Loutzenhiser did not assert a breach of contract claim before the trial court, nor did he ask for plain error review here.[12] Again, we will not find trial court error when an issue was not placed before the trial court. See Barner , 48 S.W.3d at 50. And "[r]arely will we find plain error in a civil case." Mansfield v. Horner , 443 S.W.3d 627, 639 (Mo. App. W.D. 2014) (citation omitted). For those reasons, we find no error. Point III denied.
Conclusion
The judgment of the trial court is affirmed.
All concur.

The trial court's rejection of the counterclaim is not challenged in this appeal.

The facts are presented in the light most favorable to the trial court's judgment. Higgins v. Ferrari , 474 S.W.3d 630, 639 (Mo. App. W.D. 2015).

Best made the following transfers from the joint account to her individual account: April 2013, $1,180.00; May 2013, $1,180.00; June 2013, $2,360.00; July 2013, $1,055.00; September 2013, $500.00; October 2013, $500.00; November 2013, $500.00; January 2014, $300.00; February 2014, $500.00; March 2014, $200.00; April 2014, $200.00; May 2014, $300.00; June 2014, $2,200.00; August 2014, $700.00; September 2014, $750.00; October 2014, $600.00; and December 2014, $600.00.

Best transferred a total of $58,401.67 from the joint account to her individual account.

Rule references are to the Missouri Supreme Court Rules (2015).

Statutory references are to the Revised Statutes of Missouri 2000 updated through the 2015 supplement.

Section 362.470, RSMo currently states, in relevant part, "[w]hen a deposit is made by any person in the name of the depositor and any one or more other persons ... as joint tenants or in form to be paid to any one or more of them, or the survivor or survivors of them and whether or not the names are stated in the conjunctive or the disjunctive or otherwise, the deposit thereupon and any additions thereto made by any of these persons, upon the making thereof, shall become the property of these persons as joint tenants, and the same, together with all interest thereon, shall be held for the exclusive use of the persons so named, and may be paid to any one of such persons during his lifetime, or to any one of the survivors of them after the death of any one or more of them. The making of a deposit in such form, and the making of additions thereto, in the absence of fraud or undue influence, shall be conclusive evidence in any action or proceeding to which either the bank or trust company or any survivor is a party of the intention of all the parties to the account to vest title to the account and the additions thereto and all interest thereon in the survivor."

Loutzenhiser points to uncontroverted evidence that Best transferred the money from the account, that she did not speak to Loutzenhiser about the transfers, and that she did not return the money when Loutzenhiser asked her to do so. Even with this evidence, we do not find that the trial court's judgment was against the weight of the evidence considering the other evidence detailed above.

Loutzenhiser asserts that a non-contributing owner of a joint account cannot unilaterally withdraw all of the funds in the account, and cites to Feltz v. Favlike , 257 S.W.2d 214 (Mo. App. E.D. 1953), as support for this argument. Feltz does not aid Loutzenhiser because, in that case, it was undisputed that the wife had not consented to and was unaware of the withdrawal of all of the funds contained in a joint account she had shared with her late husband. 257 S.W.2d at 217. By contrast, the evidence here established that Loutzenhiser consented to the withdrawals based on the agreement he had with Best.

Conversion can be established with the following proof: "(1) by tortious taking; (2) by any use or appropriation to the use of the person in possession, indicating a claim of right in opposition to the owner's rights; or (3) by refusal to give up possession to the owner on demand, even though the defendant's original possession of the property was proper." Gadberry v. Bird , 191 S.W.3d 673, 675 (Mo. App. E.D. 2006) (quoting Walker v. Hanke , 992 S.W.2d 925, 930 (Mo. App. W.D. 1999) ). Although conversion is generally not a proper theory for money, "misappropriated funds placed in the custody of another for a definite purpose may be subject to a suit for conversion, when the plaintiff delivers funds to the defendant for a specific purpose, and the defendant diverts those funds to another, different purpose." Id. at 675-76 (citations omitted).

Even if we were to consider Loutzenhiser's conversion claim, it would fail. Loutzenhiser did not establish that he delivered the money in the joint bank account for a purpose other than that for which the funds were ultimately used: for Best to pay the household bills and to have unrestricted use of the remaining funds.

"Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c).