

# In the
# Missouri Court of Appeals
# Western District

STATE OF MISSOURI,

                **Respondent,**

v.

TIMOTHY WOLF,

                **Appellant.**

**WD83075**

**OPINION FILED:**

**April 7, 2020**

**Appeal from the Circuit Court of Buchanan County, Missouri
The Honorable Keith Bradley Marquart, Judge**

**Before Division Four: Karen King Mitchell, Chief Judge Presiding,
Edward R. Ardini, and Thomas N. Chapman, Judges**

Timothy Wolf appeals the Buchanan County Circuit Court's denial of his Rule 29.07(d) motion to withdraw his guilty plea for manifest injustice. He contends that he was misled or induced to plead guilty to class D felony criminal nonsupport by misapprehension or mistake. He also contends that the lack of a transcript from the September 10, 2015, hearing on the motion to revoke probation prevents meaningful appellate review of the trial court's denial of his motion to withdraw guilty plea. The appeal is dismissed.

## Background

Pursuant to section 568.040, Timothy Wolf was charged with the class D felony of non-support of his minor child. On August 30, 2011, Wolf pleaded guilty to the charge pursuant to a

plea agreement. During the plea hearing, Wolf admitted that the minor child was his daughter, that there was a child support order requiring him to support her, that he failed to provide adequate food, clothing, lodging, and medical attention for her, and that the total arrearage was over $7,000 (exceeding twelve monthly payments under the child support order). He testified that the reason he did not provide support was because "work was kind of slow at the time," but that he did not want to present such defense at trial. Wolf further stated that he understood the charge, the maximum possible punishment, and the rights he was giving up by pleading guilty. He testified that he had not been pressured or threatened or promised anything other than the plea agreement to plead guilty. Wolf acknowledged that under the plea agreement, he would receive a suspended imposition of sentence and a period of probation in exchange for his guilty plea. In his Petition to Enter Plea of Guilty filed with the trial court, Wolf acknowledged that as a condition of his probation, he would be required to pay his current child support obligation of $395 per month plus $105 per month toward the arrearage. Finding a factual basis for the plea and finding that Wolf knowingly, voluntarily, and intelligently waived his rights, the trial court accepted Wolf's guilty plea. It further accepted the plea agreement, suspended imposition of sentence, and placed Wolf on probation for four years with the requirement that he make the agreed monthly child support and arrearage payments.

On March 23, 2012, the State filed a motion for probation revocation, and the trial court issued an order to show cause. The notice to Wolf was returned undeliverable, a warrant was issued for his arrest, and he was arrested on October 29, 2012. At the hearing on the motion to revoke on January 3, 2013, Wolf admitted the probation violation. He was continued on probation.

On April 24, 2013, the State filed a second motion to revoke probation alleging that Wolf violated a condition of probation by failing to pay court-ordered child support. The trial court issued a show cause order. The notice to Wolf was returned undeliverable, an arrest warrant was issued, and Wolf was arrested on August 6, 2013. At the December 3, 2013, hearing on the motion to revoke, Wolf admitted to the probation violation, and the trial court took the case under advisement and set a hearing for February 6, 2014. Wolf failed to appear at the February 6 hearing, and an arrest warrant was issued. Wolf was arrested on April 30, 2014. On May 6, 2014, the trial court continued Wolf on probation and extended his probation an additional year. At a June 5, 2014 probation status hearing, Wolf informed the trial court that he was employed.

On July 31, 2014, the State filed its third motion to revoke probation for failure to pay court-ordered child support. The trial court issued a show cause order and set a hearing on the order for August 28, 2014. Wolf failed to appear on that date, and a warrant was issued for his arrest. Wolf was arrested on October 21, 2014. After several continuances, the State withdrew its motion to revoke probation on March 19, 2015, and Wolf was continued on probation.

On June 2, 2015, the State again moved to revoke Wolf's probation for failing to pay court-ordered child support. Wolf failed to appear at the show cause hearing, and an arrest warrant was issued. Wolf was arrested on August 2, 2015. On September 10, 2015, the trial court took up the motion to revoke, and Wolf waived a hearing and admitted the probation violation. The trial court sustained the motion to revoke probation, ordered a sentencing assessment report, and set a sentencing hearing for October 8, 2015. At the sentencing hearing, the trial court noted that Wolf had repeatedly absconded from supervision and repeatedly admitted to violating the conditions of probation. The court sentenced Wolf to four years in the custody of the Department of Corrections.

3

On November 20, 2015, Wolf filed a Rule 24.035 motion for post-conviction relief. *Wolf v. State*, 552 S.W.3d 790, 791-92 (Mo. App. W.D. 2018). His amended motion alleged that counsel was ineffective in failing to fully investigate and explain possible defenses to the charge. *Id.* The motion court denied the motion without an evidentiary hearing, and Wolf appealed on June 7, 2017. *Id.* at 792. While the appeal was pending, Wolf escaped from supervision, and a warrant from the Board of Probation and Parole was issued for his arrest on February 18, 2018. *Id.* Wolf remained at large until at least June 26, 2018, the date this court dismissed his appeal under the escape rule. *Id.* at 792-793.

On July 10, 2019, Wolf filed a motion to withdraw his guilty plea for manifest injustice under Rule 29.07(d). He alleged that the trial court erred in ordering him to pay $500 per month in child support and arrears as a condition of his probation and in revoking his probation and sentencing him to imprisonment for failing to pay that amount. Wolf asserted that there was no evidence in the record that the $500 per month he was ordered to pay complied with section 568.040.6(1), RSMo Cum. Supp. 2019, specifically no evidence presented that that sum was not greater than fifty percent of his monthly adjusted gross income.

At the July 25, 2019, hearing on the motion, the trial court took judicial notice of Wolf's original dissolution judgment and the modified judgment, Wolf's circuit court payment history reports, his Petition to Enter Plea of Guilty, the order of probation signed by Wolf, the sentencing assessment report, the court file in Wolf's Rule 24.035 case, and this court's opinion in *Wolf*, 552 S.W.3d 790. No witness testimony was presented. The trial court then took the case under advisement.

On August 8, 2019, the trial court denied Wolf's Rule 29.07(d) motion to withdraw his guilty plea for manifest injustice. It found that Wolf had paid nothing towards his child support

in thirty-one of the fifty months that he was on probation. It further found that, when the court accepted Wolf's plea, it did not find that the $500 per month ordered as a condition of Wolf's probation was less than fifty percent of his adjusted gross income, but that Wolf nevertheless agreed to monthly payment of that amount as part of his plea. Furthermore, the trial court found that Wolf's probation was revoked for non-payment of his current child support obligation, and not for failure to pay periodic payments towards arrearages. Finally, the trial court found that Wolf did not raise the claim in his Rule 24.035 motion and that he also "lost his right to avail himself of this remedy by absconding from his parole while his Rule 24.035 motion was pending."

This appeal by Wolf followed.

### Discussion

Wolf raises two points on appeal. In his first point on appeal, Wolf contends as follows:

> The Trial Court erred in Overruling Appellant's Motion to Withdraw Guilty Plea for Manifest Injustice, because Appellant was misled or induced to plead guilty by misapprehension or mistake, in that § 568.040.6(1) requires that the periodic payment that is ordered as a condition of probation shall be in such aggregate sums as is not greater than fifty percent of the offender's adjusted gross income.

Wolf's Rule 29.07(d) motion did not assert that he was misled or induced to plead guilty by misapprehension or mistake. Wolf's only claim below was that the trial court erred in ordering him to pay $500 per month in child support and arrears as a condition of his probation (and in revoking his probation and sentencing him to imprisonment for failing to pay same) because there was no evidence in the record that that amount complied with section 568.040.6(1)—specifically no evidence that $500 per month was not greater than fifty percent of his adjusted gross income.

5

Arguments not raised before the trial court are not preserved for review. *Loutzenhiser v. Best*, 565 S.W.3d 723, 730 (Mo. App. W.D. 2018). "Parties are bound by the position they took in the trial court and will not be heard on a different theory on appeal." *Id.* (internal quotes and citation omitted). The appellate court will not convict a trial court of error on an issue not put before it to decide. *Id.* Nevertheless, Rule 84.13(c) permits this court to consider plain errors affecting substantial rights, though not raised or preserved, if manifest injustice or miscarriage of justice results therefrom. *McGinnis v. Northland Ready Mix, Inc.*, 344 S.W.3d 804, 815 (Mo. App. W.D. 2011). Even if Wolf's unpreserved argument is considered *ex gratia*, it is without merit.

Rule 29.07(d) provides, "A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Following the imposition of sentence, Rule 29.07(d) has a very limited role. *State v. Paden*, 533 S.W.3d 731, 738 (Mo. App. W.D. 2017); *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. W.D. 2013)(citing *Brown v. State*, 66 S.W.3d 721, 730-31, 731 n.5 (Mo. banc 2002); *disagreed with on unrelated grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516-17 (Mo. banc 2010)). While Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, it is allowed following the defendant's sentencing and remand to the Department of Corrections only if it raises grounds for relief other than those enumerated in Rule 24.035.[1] *State v. Tritle*, No. WD82746, 2020 WL 420765, at *2 (Mo. App. W.D. Jan. 28,

---

[1] Rule 24.035(a) provides, in pertinent part:
A person convicted of a felony on a plea of guilty claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the

2020); *Paden*, 533 S.W.3d at 738; *Gray v. State*, 498 S.W.3d 522, 528 (Mo. App. W.D. 2016); *Onate*, 398 S.W.3d at 106. *See also State ex rel. Fite v. Johnson*, 530 S.W.3d 508, 510 (Mo. banc 2017) (citing *Brown*, 66 S.W.3d at 730 n.5) ("Rule 29.07(d) does not apply to claims enumerated within Rule 24.035."). A claim that a guilty plea was not knowingly and voluntarily entered is a claim that the conviction violates the constitution and laws of this state or the constitution of the United States and, thus, falls within the claims enumerated in Rule 24.035(a). *Paden*, 533 S.W.3d at 738; *Gray*, 498 S.W.3d at 528; *Onate*, 398 S.W.3d at 106.

Wolf's claim that he was misled or induced to plead guilty by misapprehension or mistake challenges the voluntariness of his guilty plea, is within the scope of Rule 24.035, and is required to be asserted in a timely Rule 24.035 motion. Wolf, however, failed to raise this claim in his Rule 24.035 motion. Thus, the claim is time-barred and procedurally defaulted.[2] The appeal must be dismissed.[3] *Tritle*, 2020 WL 420765, at *2; *State v. Backues*, 568 S.W.3d 892, 893 (Mo. App. W.D. 2018).

---

sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated.

[2] *Cf. State v. Doolin*, 572 S.W.3d 112, 118 (Mo. App. W.D. 2019) (defendant's claim in Rule 29.07(d) motion that he was induced to plead guilty by counsel's assurance that he would never be required to register as a sex offender was not procedurally barred; it did not fall within Rule 24.035 because movant pleaded guilty to a misdemeanor for which post-conviction relief under Rule 24.035 is not available); *State v. Knox*, 553 S.W.3d 386, 392 n.4 (Mo. App. W.D. 2018) (defendant's Rule 29.07(d) motion in which he claimed that his plea was not knowing, voluntary, or intelligent was filed before sentencing, and, therefore, cases such as *Brown* and *Onate* holding such claim can only be challenged in a Rule 24.035 motion and not in a Rule 29.07(d) motion were inapplicable).

[3] Wolf raises additional claims in the argument section under point one attacking the trial court's denial of his Rule 29.07(d) motion to withdraw his guilty plea. He asserts that the trial court violated section 568.040.6(1) in ordering him to pay $500 per month in child support as a condition of probation because it did not ensure that the aggregate sum of the payments toward arrearages and for current support was not greater than 50 percent of his adjusted gross income. He claims that it was immaterial that the plea agreement contained such condition to pay child support since the condition violated the limitation provision of section 568.040.6(1). He also argues that the 2009 child support order relied upon by the trial court to determine current child support was stale. These claims were not included in the point relied on and are not addressed. Rule 84.04(e) requires the argument section of a brief to be

The appeal is dismissed.

/s/ *Thomas N. Chapman*

Thomas N. Chapman, Judge

All concur.

---

limited only to those errors included in the point relied on. A claim raised for the first time in the argument portion of the brief and not encompassed by the point relied on is not preserved for appeal. *Burns v. Taylor*, 589 S.W.3d 614, 622 n.5 (Mo. App. W.D. 2019).

Wolf also raises a second point on appeal claiming that the lack of a transcript from the September 10, 2015 probation revocation hearing prevents meaningful review of the trial court's denial of his motion to withdraw guilty plea. An appellant is entitled to a full and complete transcript for an appellate court's review. *State v. Barber*, 391 S.W.3d 2, 5 (Mo. App. W.D. 2012). Reversal is required only where the party is free from fault or negligence and has exercised due diligence to correct the deficiency in the record, and his right of appeal is prejudiced because a transcript of the proceeding cannot be prepared. *Id.* at 5. Wolf makes this claim (regarding lack of the probation revocation hearing transcript) even though his unpreserved point on appeal does not assail *whether* he violated the conditions of his probation, but instead seeks to withdraw his guilty plea (entered four years *before* his probation revocation hearing) on the basis that his plea was based on a "misapprehension or mistake" (not knowingly entered). He makes this claim in spite of the fact that, at the sentencing hearing shortly after the probation revocation hearing, his own counsel stated, "I think Mr. Wolf would be the first person to admit that he has not done, with this past probation, what needed to be done to be successful." Wolf did not provide any additional evidence at the hearing of his 29.07(d) motion to withdraw his guilty plea (not his own testimony, nor that of counsel) – nothing that would indicate what occurred at the probation revocation hearing or how that impacted his unpreserved point on appeal. Lacking any apparent effort to cure the purported deficiency in the record, and failing to indicate how that deficiency prejudices his appeal, Wolf nevertheless requests this court to reverse the denial of the motion to withdraw guilty plea, and to remand to the trial court for the opportunity to prove good cause for failing to meet the financial conditions of his probation (a remedy that does not comport with his request to vacate the plea). Because our disposition of point one is dispositive, Wolf's second point need not be addressed.

8